D. Maimon Kirschenbaum
Lucas C. Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**MICHAEL BOHLINGER,**

       **Plaintiff,**

  **v.**

**ABBOTT LABORATORIES, ABBOTT
NUTRITION MANUFACTURING, INC.,**

       **Defendants.**
-------------------------------------------------------------x

**Docket No.:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Michael Bohlinger alleges as follows:

### JURISDICTION AND VENUE

1. This diversity action is brought by Plaintiff, a New Jersey citizen who was employed by Defendants as a sales representative in the City of New York. Plaintiff seeks monetary damages and other relief permitted under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*.

2. This Court has original federal diversity jurisdiction under 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen and resident of New Jersey. Defendant Abbot Laboratories is a corporation incorporated in Delaware and

1

headquartered in Chicago, Illinois. Defendant Abbott Nutrition Manufacturing, Inc. is a corporation incorporated in Delaware and headquartered in Columbus, Ohio.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Defendant Abbott Laboratories ("Abbott Labs") is a business incorporated in Delaware and headquartered in Chicago, Illinois. It develops, manufactures, and sells a broad range of health care products, including pharmaceuticals, nutritional products, and medical devices.

5. Defendant Abbott Nutrition Manufacturing, Inc. ("ANM") is a subsidiary of Defendant Abbott Labs. ANM is incorporated in Delaware and headquartered in Columbus, Ohio. ANM develops, produces, and markets nutritional products. Among the products it produces and markets are infant formulas, including the formula brand Similac.

6. Plaintiff Michael Bohlinger is a 71-year-old individual who at all times relevant has been a citizen of New Jersey. Plaintiff was employed by Defendants for 43 years, beginning in 1975. He worked as a sales representative/hospital specialist. In this role, he marketed Similac to hospitals in New York City, primarily in Brooklyn and Queens.

## FACTS

7. As a sales representative/hospital specialist, Plaintiff primarily marketed Similac to hospitals located in Brooklyn and Queens. Before approximately 2016, there were approximately 12 hospitals in his territory.

8. In approximately early 2016, Plaintiff's supervisor Susan Martinez Schultz, informed Plaintiff that Defendants wanted to "give his hospitals to someone younger" who would have a smaller salary than Plaintiff.

9. Plaintiff informed Schultz that he did not want to retire. He was also reluctant to give up any of his hospitals, but, being a team player, he agreed at Schultz's insistence to give up some of the hospitals in his territory to a younger sales representative. Plaintiff was 69 at that time.

10. Under this arrangement, Plaintiff retained 4 or 5 hospitals to which he continued to directly market Similac. The remainder of the hospitals in his territory were given to a sales representative named Alison Fischer, who is in her 40s. Plaintiff was required to train Fischer after the changeover.

11. In approximately mid-2016, Eric Brown became Plaintiff's new supervisor.

12. After becoming Plaintiff's supervisor, Brown began "downsizing" Plaintiff and eliminating his remaining territory beginning in early 2017. Brown informed Plaintiff that his remaining territory was "too small" and he did not "have enough business" in his area to justify having a dedicated sales representative.

13. By the fall of 2017, all of Plaintiff's remaining territory had been eliminated and transferred to Alison Fischer.

14. In October or November 2017, Brown gave Plaintiff an ultimatum—to transfer to an area in New Jersey outside of Philadelphia or retire. Brown informed Plaintiff that it would be "better" if Plaintiff were there because he lived in New Jersey.

15. Plaintiff informed Brown that a transfer to the New Jersey territory was not a realistic possibility because he had been commuting to his territory in New York for 43 years,

knew all his clients there, and had no desire to completely start over in a new territory in New Jersey, which included only doctors' offices, not hospitals.

16. Having no other viable options, Plaintiff was forced to retire. His retirement became effective on January 22, 2017.

17. If he had not been forced to retire, Plaintiff had planned to continue working for at least the next five years.

### FIRST CLAIM FOR RELIEF
**(New York City Human Rights Law ("NYCHRL")**
**N.Y.C. Admin. Code §§ 8-101 *et seq.* – Age Discrimination)**

18. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

19. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of his age by downsizing his territory and ultimately forcing him to retire.

20. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

21. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputations, lasting embarrassment, humiliation and anguish.

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to backpay, lost employment benefits, and damages for emotional distress, as well as front pay, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    (A)    For compensatory and punitive damages in an amount to be determined by the trier of fact;

    (B)    For reasonable attorneys' fees, interest, and costs of suit;

    (C)    For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York  
       June 14, 2018

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: /s/Lucas C. Buzzard_____  
D. Maimon Kirschenbaum  
Lucas C. Buzzard  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 688-2548

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.