UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

MICHAEL BOHLINGER,

        Plaintiff,

  -against-

ABBOTT LABORATORIES, ABBOTT
NUTRITION MANUFACTURING, INC.,

        Defendants.

------------------------------------------------------- X

Index No. 1:18-cv-05398

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants ABBOTT LABORATORIES and ABBOTT NUTRITION MANUFACTURING INC. (improperly named in the caption as Abbott Nutrition Manufacturing, Inc.) (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, states as follows for their response to Plaintiff's Complaint and Demand for Jury Trial:

## AS TO "JURISDICTION AND VENUE"

### COMPLAINT ¶1:

This diversity action is brought by Plaintiff, a New Jersey citizen who was employed by Defendants as a sales representative in the City of New York. Plaintiff seeks monetary damages and other relief permitted under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff is a New Jersey citizen, admit that Plaintiff was employed as a sales representative with assigned territory in the City of New York and admit that Plaintiff brought this action seeking purported damages under

the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*. Defendants further aver that Plaintiff was employed by Abbott Laboratories Inc.[1]

**COMPLAINT ¶2:**

This Court has original federal diversity jurisdiction under 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen and resident of New Jersey. Defendant Abbot Laboratories is a corporation incorporated in Delaware and headquartered in Chicago, Illinois. Defendant Abbott Nutrition Manufacturing, Inc. is a corporation incorporated in Delaware and headquartered in Columbus, Ohio.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's citizenship or residence, admit that Abbott Laboratories' principle place of business is in Illinois and further aver that it is incorporated in Illinois, and admit that Abbott Nutrition Manufacturing Inc. is a corporation incorporated in Delaware and further aver that its principal place of business is in Abbott Park, Illinois, and admit that Plaintiff is alleging that the amount in controversy exceeds $75,000, exclusive of interest and costs, thus federal diversity jurisdiction exists.

**COMPLAINT ¶3:**

Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except admit Plaintiff's alleged venue is proper as set forth in Paragraph 3.

---

[1] Defendants preserve their rights to challenge Abbott Laboratories and/or Abbott Nutrition Manufacturing Inc. as a properly named defendant in this action.

2

## AS TO "PARTIES"

**COMPLAINT ¶4:**

Defendant Abbott Laboratories ("Abbott Labs") is a business incorporated in Delaware and headquartered in Chicago, Illinois. It develops, manufactures, and sells a broad range of health care products, including pharmaceuticals, nutritional products, and medical devices.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except admit that Abbott Laboratories is incorporated in the State of Illinois with its principle place of business in Illinois and that it sells healthcare products, including pharmaceuticals, nutritional products, and medical devices.

**COMPLAINT ¶5:**

Defendant Abbott Nutrition Manufacturing, Inc. ("ANM") is a subsidiary of Defendant Abbott Labs. ANM is incorporated in Delaware and headquartered in Columbus, Ohio. ANM develops, produces, and markets nutritional products. Among the products it produces and markets are infant formulas, including the formula brand Similac.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that Abbott Nutrition Manufacturing Inc. is a subsidiary of Abbott Laboratories and is incorporated in Delaware, and aver that Abbott Laboratories is headquartered in Abbott Park, Illinois.

**COMPLAINT ¶6:**

Plaintiff Michael Bohlinger is a 71-year-old individual who at all times relevant has been a citizen of New Jersey. Plaintiff was employed by Defendants for 43 years, beginning in 1975. He worked as a sales representative/hospital specialist. In this role, he marketed Similac to hospitals in New York City, primarily in Brooklyn and Queens.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 6 of the Complaint, except admit that Mr. Bohlinger's employment records show he is 71-years-old, was employed by an Abbott

entity starting in 1975, worked as a sales representative, and that at the time of his retirement was employed by Abbott and marketed Similac in his assigned territory in New York City.

## AS TO "FACTS"

**COMPLAINT ¶7:**

As a sales representative/hospital specialist, Plaintiff primarily marketed Similac to hospitals located in Brooklyn and Queens. Before approximately 2016, there were approximately 12 hospitals in his territory.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 7 of the Complaint, except admit that as a sales representative Plaintiff marketed Similac to hospitals in Brooklyn and Queens.

**COMPLAINT ¶8:**

In approximately early 2016, Plaintiff's supervisor Susan Martinez Schultz, informed Plaintiff that Defendants wanted to "give his hospitals to someone younger" who would have a smaller salary than Plaintiff.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

Plaintiff informed Schultz that he did not want to retire. He was also reluctant to give up any of his hospitals, but, being a team player, he agreed at Schultz's insistence to give up some of the hospitals in his territory to a younger sales representative. Plaintiff was 69 at that time.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 9 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's purported reluctance and admit that in or around 2016 Plaintiff was 69 year of age.

**COMPLAINT ¶10:**

Under this arrangement, Plaintiff retained 4 or 5 hospitals to which he continued to directly market Similac. The remainder of the hospitals in his territory were given to a sales representative named Alison Fischer, who is in her 40s. Plaintiff was required to train Fischer after the changeover.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 10 of the Complaint, except admit that in or about 2016 Plaintiff marketed products to 4 or 5 hospitals in New York, that due to business reasons realignments occurred and certain hospitals were assigned to a fellow sales representative named Allyson Fisher (incorrectly named in the Complaint as Alison Fischer), and that at the time Ms. Fisher was approximately 45 years of age.  Defendants further aver that Ms. Fisher had been working in the same district as Plaintiff for well over a decade.

**COMPLAINT ¶11:**

In approximately mid-2016, Eric Brown became Plaintiff's new supervisor.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

After becoming Plaintiff's supervisor, Brown began "downsizing" Plaintiff and eliminating his remaining territory beginning in early 2017.  Brown informed Plaintiff that his remaining territory was "too small" and he did not "have enough business" in his area to justify having a dedicated sales representative.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

By the fall of 2017, all of Plaintiff's remaining territory had been eliminated and transferred to Alison Fischer.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

In October or November 2017, Brown gave Plaintiff an ultimatum—to transfer to an area in New Jersey outside of Philadelphia or retire.  Brown informed Plaintiff that it would be "better" if Plaintiff were there because he lived in New Jersey.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 14 of the Complaint, except aver that due to business needs, Mr. Brown offered Plaintiff the opportunity to transfer to a territory in New Jersey near where Plaintiff lived, and that Plaintiff declined this opportunity and opted to retire.

**COMPLAINT ¶15:**

Plaintiff informed Brown that a transfer to the New Jersey territory was not a realistic possibility because he had been commuting to his territory in New York for 43 years, knew all his clients there, and had no desire to completely start over in a new territory in New Jersey, which included only doctors' offices, not hospitals.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 15 of the Complaint, except admit that Plaintiff declined a transfer to a territory in New Jersey, and further aver that Plaintiff chose to retire.

**COMPLAINT ¶16:**

Having no other viable options, Plaintiff was forced to retire. His retirement became effective on January 22, 2017.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 16 of the Complaint, except admit that Plaintiff's retirement became effective on January 23, 2017.

**COMPLAINT ¶17:**

If he had not been forced to retire, Plaintiff had planned to continue working for at least the next five years.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

**AS TO "FIRST CLAIM FOR RELIEF"**
**(New York City Human Rights Law ("NYCHRL")**
**N.Y.C. Admin. Code §§ 8-101 *et seq.* – Age Discrimination)**

**COMPLAINT ¶18:**

Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

**ANSWER:**

Defendants repeat and restate their above responses to the allegations contained in the previous paragraphs as if fully set forth herein.

**COMPLAINT ¶19:**

In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of his age by downsizing his territory and ultimately forcing him to retire.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputations, lasting embarrassment, humiliation and anguish.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to backpay, lost employment benefits, and damages for emotional distress, as well as front pay, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations in the wherefore clause and aver that Plaintiff is not entitled to any of the relief sought therein.

## AS TO "DEMAND FOR JURY TRIAL"

Defendants object to a trial by jury on any issue as to which a jury is not permitted as of right as a matter of law.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that would not otherwise exist.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to satisfy the statutory prerequisites of § 8-502(c) of the Administrative Code of the City of New York for bringing an action under the NYCHRL.

## THIRD DEFENSE

Defendants did not discriminate against Plaintiff or aid, abet, incite, compel, or coerce such conduct.

### FOURTH DEFENSE

Defendants' actions with regard to Plaintiff were at all times motivated by legitimate, non-discriminatory business reasons.

### FIFTH DEFENSE

Plaintiff has sustained no damages proximately caused by any conduct of Defendants.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, or his recoverable damages should be reduced, because he failed to mitigate his damages.

### SEVENTH DEFENSE

Plaintiff has failed to plead a sufficient basis for the recovery of punitive damages.

### EIGHTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or laches.

### NINTH DEFENSE

Some or all of Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

### TENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine or the doctrine of unclean hands.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants promulgated policies against discrimination and otherwise exercised reasonable care to prevent and correct promptly any alleged discrimination, and Plaintiff unreasonably failed to promptly take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

**TWELFTH DEFENSE**

Defendants have established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices as required by law.

**THIRTEENTH DEFENSE**

With respect to any employment action taken by Defendants, as challenged herein, Plaintiff's claims are barred because Defendants would have taken the same legitimate, non-discriminatory employment action irrespective of Plaintiff's age.

**FOURTEENTH DEFENSE**

All relevant factors should be considered in accordance with §8-107(13)(e) and (f) of the New York Administrative Code and mitigating factors should be taken into account in accordance with §8-126(b) of the New York Administrative Code.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend their answer and to assert any additional affirmative or other defenses as may become apparent during the course of these proceedings.

WHEREFORE, Defendants pray that the Court enter a judgment:

1. dismissing the Complaint;

2. granting Defendants their costs, including attorneys' fees, incurred in this action; and

3. granting Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 16, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: ___/s/ Howard M. Wexler___
Howard M. Wexler
hwexler@seyfarth.com
Anne R. Dana
adana@seyfarth.com
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

Attorneys for Defendants
ABBOTT LABORATORIES and ABBOTT
NUTRITION MANUFACTURING INC.