Case 1:18-cv-05398-JPO Document 87 Filed 03/02/21 Page 1 of 2
Case 20-1166, Document 50, 03/02/2021, 3045022, Page1 of 10

18-cv-5398(JPO)

# MANDATE

20-1166
*Bohlinger v. Abbott*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **March 2, 2021**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

Michael Bohlinger,

> *Plaintiff-Appellant*,

v. 20-1166-cv

Abbott Laboratories Inc.,

> *Defendant-Appellee*,

Abbott Laboratories, Abbott Nutrition Manufacturing, Inc.,

> *Defendants.*[1]

---

[1] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | LUCAS C. BUZZARD (D. Maimon Kirschenbaum, *on the brief*), Joseph & Kirschenbaum LLP, New York, NY. |
| FOR DEFENDANT-APPELLEE: | ROBERT S. WHITMAN (Howard M. Wexler, Anne Dana, *on the brief*), Seyfarth Shaw LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Michael Bohlinger appeals from a judgment, entered on March 11, 2020, by the United States District Court for the Southern District of New York (Oetken, *J.*), granting Defendant-Appellee Abbott Laboratories Inc.'s ("Abbott") motion for summary judgment under Federal Rule of Civil Procedure 56(a). Bohlinger challenges the district court's ruling that he failed to submit sufficient evidence to preclude summary judgment on his age discrimination claim under the New York City Human Rights Law (the "NYCHRL"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review the district court's decision to grant summary judgment de novo, resolving all ambiguities and drawing all permissible factual inferences in favor of the non-moving party. *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 69 (2d Cir. 2015). Summary judgment is appropriate only when the movant demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* We have discretion to affirm

a district court's grant of summary judgment on any ground appearing in the record. *Deep Woods Holdings, L.L.C. v. Sav. Deposit Ins. Fund*, 745 F.3d 619, 623 (2d Cir. 2014).

Pursuant to the NYCHRL, employers and their agents are prohibited from discriminating against an employee based on the employee's "actual or perceived age." N.Y.C. Admin. Code § 8-107(1)(a). To establish a claim for discrimination under the NYCHRL, Bohlinger "need only show that [Abbott] treated [him] less well" than other employees, "at least in part for a discriminatory reason." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 103, 110 n.8 (2d Cir. 2013); *see also Golston-Green v. City of New York*, 123 N.Y.S.3d 656, 667 (App. Div. 2020) (holding that to establish liability under the NYCHRL, a plaintiff must simply show "he was subject to an unfavorable change or treated less well than other employees on the basis of a protected characteristic"); *Watson v. Emblem Health Servs.*, 69 N.Y.S.3d 595, 598 (App. Div. 2018) ("A plaintiff may prove her case if she proves that unlawful discrimination was one of the motivating factors, even if it was not the sole motivating factor, for an adverse employment decision." (internal quotation marks omitted)). Under this standard, "[t]he employer may present evidence of its legitimate, non-discriminatory motives to show the conduct was not caused by discrimination, but it is entitled to summary judgment on this basis only if the record establishes as a matter of law that 'discrimination play[ed] *no* role' in its actions." *Mihalik*, 715 F.3d at 110 n.8 (second alteration in original) (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 38 (App. Div. 2009)).

Bohlinger's claim is based on two discrete decisions in which Abbott allegedly discriminated against him because of his age. The first decision occurred in 2015 when, pursuant

3

to Abbott's nationwide specialization of its pediatric sales representatives, Peter Youngs, the regional sales director at the time, in consultation with Susan Schultz, Bohlinger's immediate supervisor at the time, categorized Bohlinger as a Pediatric Sales Specialist ("PSS") who would market and sell pediatric products to both hospitals and doctor's offices on Long Island.[2] As a result of this 2015 specialization, Bohlinger was assigned a sales territory with the lowest "workload" of any sales representatives working in Abbott's Long Island district.

The second decision occurred approximately two years later, in 2017. Between 2016 and 2017, the territories for every sales representative in Abbott's Long Island district suffered a decrease in workload, either because of a decline in the number of child births or representatives having less access to hospitals or pediatric offices in the district. Although every sales representative saw a workload decrease, only Bohlinger's workload decreased below the threshold that Abbott had designated as acceptable. Consequently, Zariq Siddiqui (who by then had replaced Peter Youngs as the regional sales director), and Eric Brown (Bohlinger's direct supervisor at the time) discussed reassigning Bohlinger to an open territory in the Philadelphia district, which was located in New Jersey (where Bohlinger lived), to raise Bohlinger's workload above Abbott's minimum threshold. Brown asked Bohlinger if he would consider a reassignment to the territory in New Jersey. After some consideration, Bohlinger declined the reassignment and retired thereafter.

---

[2] The other sales representatives in Abbott's Long Island district were designated as either Hospital Sales Specialists, responsible for marketing and selling pediatric products to only hospitals, or Office Sales Specialists, responsible for marketing and selling pediatric products to only doctor's offices.

4

The district court concluded that the portion of Bohlinger's age discrimination claim based on the 2015 specialization was untimely and held that the continuing violation exception to the NYCHRL's three-year statute of limitations did not apply.  As to the portion of the age discrimination claim based on the 2017 reassignment, the district court held that there was insufficient evidence of age discrimination to survive summary judgment.  As discussed below, we conclude that the district court properly granted summary judgment because Bohlinger has failed to put forth sufficient evidence regarding these two decisions, either individually or collectively, from which a rational jury could find that Bohlinger's age played a role in these two decisions.[3]

I. **The 2015 Specialization**

With respect to the 2015 specialization, Abbott contends that it was a business decision ultimately designed to increase overall sales.  More specifically, Abbott explains that when crafting the 2015 specialization, it determined Bohlinger's workload by considering various factors, including Bohlinger's workload hours, his designated role as a PSS, the geographical location of hospitals and offices, and the desire to limit the transfer of relationships to a new representative.  Abbott also provides its reasoning for transferring two high workload hospitals from Bohlinger to another sales representative.  According to Abbott, it "identified a shift in which . . . nurse practitioners, dieticians, and system administrators," rather than doctors, were influencing hospitals' decisions to use Abbott's products.  App'x at 467.  As a result of this shift,

---

[3] Because we conclude that the age discrimination claim fails on the merits and affirm on that basis, we need not address the district court's ruling on timeliness.

5

Abbott began placing more value on "strong relationships with nurses, skill at conducting in-services . . . , and high call activity." *Id.* Because Bohlinger's strengths were not in these areas, Abbott elected to transfer responsibility for two of his high workload hospitals to another sales representative with those strengths.

Bohlinger argues that Abbott is not entitled to summary judgment because its explanations are not "'legitimate, clear, specific and non-discriminatory.'" Appellant's Reply at 19 (quoting *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995)). We disagree. Abbott articulated that it determined Bohlinger's workload under the 2015 specialization by considering various neutral, business-related factors with the goal of optimizing the sales representatives' skills and maximizing pediatric product sales. These reasons, on their face, are legitimate and non-discriminatory.

Thus, the ultimate question is whether there is evidence from which a "reasonable jury could conclude either that the defendant's 'reasons were pretextual,' or that the defendant's stated reasons were not its sole basis for taking action, and that its conduct was based at least 'in part on discrimination.'" *Ya-Chen Chen*, 805 F.3d at 76 (quoting *Melman v. Montefiore Med. Ctr.*, 946 N.Y.S.2d 27, 35, 41 (App. Div. 2012)). Under the NYCHRL, "[i]f the plaintiff responds [to defendant's evidence of a non-discriminatory reason] with some evidence that at least one of the reasons proffered by the defendant is false, misleading, or incomplete, . . . such evidence of pretext should in almost every case indicate to the court that a motion for summary judgment must be denied." *Bennett v. Health Mgmt. Sys., Inc.*, 936 N.Y.S.2d 112, 124 (App. Div. 2011).

6

Bohlinger contends that Abbott's reasons are simply "incomplete." Appellant's Br. at 45. Specifically, Bohlinger maintains that Abbott failed to articulate exactly how it used the identified factors to arrive at its decision to assign Bohlinger a lower workload as compared to his younger peers. We find that argument unpersuasive. It is clear from the record that Abbott engaged in a discretionary, rather than formulaic, decision-making process, which considered a blend of subjective and objective business-related factors. This type of business decision does not lend itself to being explained using the precision that Bohlinger demands, and the failure to provide Bohlinger with such details does not render the reasons "incomplete" or discriminatory.

More importantly, the record lacks evidence that assigning Bohlinger a lower workload was motivated, in any part, by age discrimination. It is uncontroverted that, following Bohlinger's change in workload, Abbott paid him a larger bonus, promoted him, and raised his pay, and there is no evidence that any of these actions could be viewed as unfair or less favorable when considered in the context of how other sales representatives in the district were treated. Moreover, Bohlinger testified that he worked with Schultz to help "create[]" the workload plan that he now claims was discriminatory.[4] App'x at 345.

In short, we conclude that no reasonable jury could find that Abbott's explanation of Bohlinger's change in workload in 2015 is incomplete such that it, or any other evidence in the

---

[4] Because Schultz testified that Bohlinger's workload was "set in stone" before she had presented him with his new workload assignment, App'x at 361, Bohlinger contends that there is some dispute as to whether Bohlinger had any actual role in shaping his workload. That argument, however, misses the point. Regardless of how flexible the workload plan was during those discussions, Bohlinger's testimony that he helped create the workload plan demonstrates that he did not view the plan as unfair or discriminatory when it was presented to him.

7

record, would "constitute[] evidence of consciousness of guilt, an attempt to coverup the alleged discriminatory conduct, or an improper discriminatory motive co-existing with other legitimate reasons."[5]  *Bennett*, 936 N.Y.S.2d at 123.  Accordingly, we conclude that the district court properly granted summary judgment in Abbott's favor with respect to Bohlinger's age discrimination claim based on the 2015 specialization.

## II. The 2017 Reassignment

With respect to the 2017 reassignment, Abbott offers the following non-discriminatory reason for why Bohlinger was the only sales representative in the Long Island district to be offered a reassignment to a new territory in New Jersey (his home state):  Bohlinger was the only sales representative to have his workload drop below Abbott's minimum workload threshold and thus needed to be reassigned to a new territory with an acceptable workload.  Bohlinger raises two arguments as to why, notwithstanding that non-discriminatory reason, there is sufficient evidence to support a reasonable inference of age discrimination.

Bohlinger first contends that Abbott's reason is incomplete insofar as it leaves out that the low workload he was assigned under the 2015 specialization caused his workload to drop below Abbott's minimum threshold.  Given the absence of any evidence of age discrimination regarding the 2015 specialization, as well as the fact that the two decisions occurred more than two years

---

[5] Although Bohlinger points to, as evidence of age discrimination, the disputed fact that Schultz asked him in 2015 "how much longer are you going to be around," App'x at 311-12, that disputed fact does not alter the analysis.  As a threshold matter, the regional sales manager Youngs, and not Schultz, was the final decisionmaker with respect to the 2015 specialization.  In any event, as the district court correctly concluded, that alleged lone comment, especially in the context of the other uncontroverted facts in the record discussed above, is insufficient to create a reasonable inference of age discrimination that precludes summary judgment.

8

apart and involved different decisionmakers under different circumstances, no reasonable inference of an age-related motivation in 2015 can be drawn even when the two decisions are viewed together.

Bohlinger next argues that Abbott's reason is "misleading" insofar as Bohlinger's supervisors at the time, Siddiqui and Brown, gave inconsistent testimony about the reasons behind the 2017 reassignment. *See Bennett*, 936 N.Y.S.2d at 124 (stating that a plaintiff may establish pretext by submitting evidence that a defendant's non-discriminatory reasons for its actions are "misleading"). In particular, Bohlinger points out that when Brown proposed the reassignment to Bohlinger, Siddiqui believed no final decision had been made about eliminating Bohlinger's territory in the Long Island district, while Brown understood at that time that Bohlinger's Long Island territory would be eliminated. We agree with the district court's conclusion that any discrepancies in Siddiqui's and Brown's testimony with respect to the 2017 reassignment are immaterial and, as a result, cannot provide a reasonable inference of discriminatory motive. Both Siddiqui and Brown testified consistently as to the reason Abbott offered Bohlinger a reassignment—because his workload had become too low. Thus, the purported discrepancies in Siddiqui's and Brown's testimony were, as the district court correctly reasoned, "variations, if that, on the same theme rather than separate inconsistent justifications." Special App'x at 9 (quoting *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 170 (2d Cir. 2001)).

Nor has Bohlinger established a discriminatory motive by highlighting differences in Siddiqui's and Brown's testimony with respect to *how* the reassignment was presented to Bohlinger. Indeed, whether the reassignment was presented as an option or as an ultimatum

9

carries little relevance to the ultimate question *why* the reassignment was offered to Bohlinger, *i.e.*, whether a reasonable jury could conclude that the discrepancies in Siddiqui's and Brown's testimony demonstrated that the 2017 reassignment was based, in part, on discriminatory animus. On that question, Bohlinger fails to point to any evidence in the record that would show a genuine dispute as to the existence of discriminatory motive. Accordingly, we conclude that the district court properly granted summary judgment in Abbott's favor with respect to Bohlinger's age discrimination claim based on the 2017 reassignment.

\* \* \*

We have considered all of Bohlinger's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit